IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PAUL EDWARD JOHNSON,

    Petitioner,

vs.

                                                                                                            No. CIV 99-1436 BB/LCS

LAWRENCE BARRERAS,

    Respondent.


**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court upon Respondent's Answer to Petition, filed February 9, 2000 *(Doc. 12)*. In that Answer, Respondent alleges that this matter is now moot because Petitioner has been released from custody and has not suffered any judgment that could have collateral consequences. The Court interpreted the Answer to be a motion to dismiss, and set a briefing schedule on the implied motion to dismiss. *See* Order *(Doc. 14)* filed February 17, 2000. Petitioner has not responded to the motion to dismiss, and the response deadline set by the Court has passed. For the reasons stated, I propose finding that the motion is well-taken and recommend that it be **granted**.

<u>Proposed Findings</u>

    1.      On December 10, 1999, Petitioner filed what appears to be pages 4-12 of this Court's standard Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, and pages 1-3

1

of a standard Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. The Court initially characterized this action as a civil rights complaint in its December 27, 1999 Order *(Doc. 3)*. Upon further review, the Court re-characterized the action as a petition for a writ of *habeas corpus* in its January 7, 2000 Order *(Doc. 6)*.

2. Respondent answered the Petition on February 9, 2000 *(Doc. 14)*. In the Answer, Respondent alleged that Petitioner was not longer in custody and had not suffered any judgment that could have any collateral consequences. Thus, according to Respondent, this action was moot.

3. The Court interpreted the Answer to be a motion to dismiss the petition, and set a briefing schedule on the motion. *See* Order *(Doc. 14)*, filed February 17, 2000. Petitioner was allowed until March 10, 2000 to file a response to the implied motion to dismiss in order to avoid dismissal of the action.

4. Petitioner has not responded to the implied motion to dismiss, and the applicable time period for a response has expired. I recommend finding that Petitioner's failure to respond to the motion constitutes consent to grant the motion. *See* D.N.M. LR-Civ. 7.5 (b).

5. Furthermore, I propose finding that Respondent's motion is well-taken on the merits. Respondent presents evidence that Petitioner has been released from custody without a judgment being entered against him. *See* Ex. A to Respondent's Answer *(Doc. 12)*. Petitioner presents no evidence showing either that he is in custody or that he may suffer some other collateral consequences unless his Petition is granted. Therefore, I propose finding that this matter is now moot.

Recommended Disposition

I recommend that Respondent's implied motion to dismiss be **granted** and that this action be **dismissed with prejudice**.  Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE

F:\aaHabeas Orders\99-1436 pfd2